**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> REBECCA L. ZEHRING, ) <br> ) <br> Defendant. ) <br> ) | Case No. 12-20003-06-CM (Criminal) <br> 16-2687-CM (Civil) |

## MEMORANDUM AND ORDER

This matter comes before the court upon defendant Rebecca Zehring's pro se motions requesting a reduction in sentence under 28 U.S.C. § 2255 (Doc. 632) and 18 U.S.C. § 3582(c)(2) (Doc. 649). Defendant claims that she is entitled to a sentence reduction based on her minor role in accordance with Amendment 794 as well as prosecutorial misconduct because the government recorded the confidential meetings between defendant and her attorney while she was incarcerated at Corrections Corporation of America ("CCA") in Leavenworth, Kansas. For the reasons set forth below, the court dismisses defendant's motions.

**I.   Background**

On April 16, 2013, defendant pleaded guilty to conspiracy to possess with the intent to distribute and distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. The court sentenced defendant to a term of 105 months imprisonment—which was later reduced to 84 months under Amendment 782. Judgment was entered on September 25, 2013, and defendant did not appeal. Defendant filed the instant 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2) motions on October 7 and December 5, 2016, respectively.

**II.   Defendant's Waiver and Discussion**

-1-

Within defendant's plea agreement, defendant waived the right to challenge her sentence in a collateral attack under § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), 18 U.S.C. § 3582(c)(2), and a motion brought under Fed. R. Civ. P. 60(b). Defendant's waiver also stated that "defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct." (Doc. 258, at 9.)

The government seeks to enforce this waiver as to defendant's claims challenging her sentence. Generally, a knowing and voluntary waiver of 18 U.S.C. § 2255 rights is enforceable. *United States v. Morrison*, 415 F. App'x 860, 862 (10th Cir. 2011) (citing *Cockerham*, 237 F.3d at 1183). District courts enforce these waivers so long as: (1) the collateral attack falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his right to collateral review; and (3) enforcing the waiver would not result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004).

In defendant's reply, she claims that she was improperly medicated during her stay at CCA pending trial in this case and therefore, her waiver was not knowingly and voluntarily made due to her mental incapacity. Defendant also alleges prosecutorial misconduct—an exception to the waiver contained in her plea agreement.

**A. Amendment 794**

Assuming, for the sake of argument, that defendant's waiver does not bar her current motions challenging her sentence, defendant would be ineligible for relief. Defendant's § 2255 motion is untimely because it was filed more than a year after her conviction and sentence became final. *See generally United States v. Harrison*, No. 16-5167, 2017 WL 710426, at *2 (10th Cir. Feb. 23, 2017) (Amendment 794 does not constitute a "new fact" under § 2255(f)(4)). Amendment 794 clarified that "[t]he fact that a defendant performs an essential or indispensable role in the criminal activity is not

determinative[]" and added a non-exhaustive list of factors for a court to consider when determining whether to apply a minor role reduction. U.S.S.G. § 3B1.2 cmt. n.3(C) (2015). The Tenth Circuit has not held that Amendment 794 applies retroactively to cases on collateral review. *See United States v. Yohe*, No. 13-40074-03-JAR, 2017 WL 957428, at *2 (D. Kan. Mar. 13, 2017) (distinguishing *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016), and noting that "no court has concluded that Amendment 794 applies to cases on collateral review, [thus,] § 2255(f)(3) does not apply[]"); *United States v. Aikman*, No. 09-10097-01-JTM, 2016 WL 7210721, at *1 (D. Kan. Dec. 13, 2016) (same). Furthermore, the United States Sentencing Commission has not specifically designated Amendment 794 for retroactive application. Thus, even if this court were to construe defendant's motion as one filed under 18 U.S.C. § 3582(c)(2), a reduction in sentence is not permitted. *See Aikman*, 2016 WL 7210721 at *1 ("Arguments grounded on amendments to the Guidelines are properly brought under 18 U.S.C. § 3852, not as § 2255 claims."); s*ee also* U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement).

### B. Equitable Tolling

The "one-year statute of limitations [under § 2255(f)] is subject to equitable tolling but only 'in rare and exceptional circumstances.'" *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Defendant bears the burden of showing equitable tolling is merited. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Defendant does not—and cannot—claim that she is actually innocent. *United States v. Robinson*, No. 10-40037, 2013 WL 5874012, at *3 (D. Kan. Oct. 30, 2013) (neither the Supreme Court nor the Tenth Circuit has ruled that the actual innocence of a sentence exception announced in *Sawyer v. Whitley*, 505 U.S. 333, 336 (1992), extends to the noncapital sentencing context); *see also Selsor v.*

*Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994) (the petitioner cannot be actually innocent of the sentence enhancement unless he is actually innocent of the crime itself).

The court also finds that defendant fails to demonstrate diligence in pursuing her claim, which is required for showing cause and prejudice to justify equitable tolling. "To establish 'cause' a defendant must show some external objective factor—such as governmental interference, unavailability of the relevant factual or legal basis, or ineffective assistance of counsel—prevented him from [timely] raising the issue . . . ." *See Robinson*, 2013 WL 5874012 at *4 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Although Amendment 794 clarified the factors to consider for a minor-role adjustment, it did not substantively change § 3B1.2; thus defendant presents a nonconstitutional claim. *See United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015). Defendant was required to challenge the denial of a minor-role adjustment at her original sentencing and/or on direct appeal. *See Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998) (citing *Reed v. Farley*, 512 U.S. 339, 348 (1994)). "[N]onconstitutional claims can be raised on collateral review only when the alleged error constitutes a fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." *Id.* At sentencing, defendant withdrew her objections to the PSR—including any argument in favor of a sentence reduction under § 3B1.2—and defendant did not appeal.

Defendant is mistaken that *Quintero-Leyva* made Amendment 794 retroactive to cases on collateral review. She fails to argue that equitable tolling is warranted on any other basis. *Cf. Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims"). Defendant fails to meet her burden, and the court finds that equitable tolling is not warranted.

### C. Prosecutorial Misconduct

Defendant also seeks a sentence reduction based on prosecutorial misconduct in a motion filed pursuant to 18 U.S.C. § 3582(c)(2). "A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)); *United States v. Bowman*, 645 F. App'x 774, 775 (10th Cir. 2016). Section 3582(c)(2) permits district courts to reduce a prisoner's sentence "that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Muldrow*, 612 F. App'x 508, 511–12 (10th Cir. 2015) (quoting § 3582(c)(2)).

The court is not authorized under § 3582(c) to reduce defendant's sentence based on prosecutorial misconduct. Thus, the court lacks jurisdiction to modify defendant's sentence. Because defendant is not entitled to relief, the court denies her request for appointment of counsel.

A certificate of appealability is not warranted in this case because reasonable jurists could not debate whether "the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation omitted).

**IT IS THEREFORE ORDERED** that defendant Rebecca Zehring's 28 U.S.C. § 2255 motion requesting a reduction in sentence based on Amendment 794 (Doc. 632) is dismissed.

**IT IS FURTHER ORDERED** that defendant's 18 U.S.C. § 3582(c)(2) motion requesting a reduction in sentence based on prosecutorial misconduct (Doc. 649) is dismissed.

**IT IS FURTHER ORDERED** that defendant's request for appointment of counsel is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability in this case.

Dated this 28th day of April, 2017, at Kansas City, Kansas.

                                                  s/ Carlos Murguia
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**